**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 19, 2016

LETTER TO COUNSEL

   RE:   *Janice Mae Mason v. Commissioner, Social Security Administration*;
         Civil No. SAG-14-3362

Dear Counsel:

   On October 28, 2014, Plaintiff Janice Mae Mason petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1).  I have considered the parties' cross-motions for summary judgment.  (ECF Nos. 19, 21).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Ms. Mason's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

   Ms. Mason filed claims for Disability Insurance Benefits and Supplemental Security Income, alleging a disability onset date of August 5, 2009.[1]  (Tr. 183-91).  Her claims were denied initially and on reconsideration.  (Tr. 123-30; 135-44).  A hearing was held on July 16, 2013, before an Administrative Law Judge ("ALJ").  (Tr. 33-55).  Following the hearing, the ALJ determined that Ms. Mason was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 13-32).  The Appeals Council denied Ms. Mason's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

   The ALJ found that Ms. Mason suffered from the severe impairments of osteoarthritis, obesity, hypothyroidism, status post ORIF left ankle fracture in 2006, right tennis elbow, right ulnar neuropathy, bilateral carpal tunnel syndrome, scoliosis, asthma, chronic obstructive pulmonary disease, lower extremity peripheral neuropathy, major depressive disorder, bipolar disorder, and a generalized anxiety disorder.  (Tr. 19).  Despite these impairments, the ALJ determined that Ms. Mason retained the residual functional capacity ("RFC") to:

---

[1] Although her attorney later sought to amend her onset date to coincide with her date last insured, the ALJ denied the amendment.  (Tr. 16).

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant is allowed a sit/stand option at will; no more than frequent reaching, handling, fingering, or feeling with the dominant right upper extremity; no more than occasional exposure to humidity, wetness, and respiratory irritants; work is simple, routine, and repetitive tasks; no more than frequent interaction with coworkers, supervisors, or the public; the claimant can occasionally make simple decisions; she is able to deal with simple routine changes in the work setting; she is able to perform work that does not require the satisfaction of a production pace; and she is able to perform low stress work, defined as few changes in the workplace.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Mason could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 26-27).

Ms. Mason raises four arguments on appeal: (1) that the ALJ erroneously assessed her RFC under the Fourth Circuit's decision in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015); (2) that the ALJ failed to consider the GAF scores assigned by her treating physician, Dr. Ally; (3) that the ALJ improperly considered her alleged work activity; and (4) that the ALJ provided an inadequate explanation for his assessment of her mental RFC. Each of Ms. Mason's arguments lacks merit and is addressed below.

First, Ms. Mason argues that the ALJ's RFC assessment did not adequately account for the finding at step three that she has a moderate limitation in concentration, persistence, and pace, pursuant to the holding in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit determined remand was warranted for several reasons, including a discrepancy between the ALJ's finding at step three concerning the claimant's limitation in concentration, persistence, and pace, and his RFC assessment. 780 F.3d at 638. Although a similar discrepancy appears to exist in this case, it is critically distinguishable in several respects, and *Mascio* does not require remand.

To understand why this case is distinguishable from *Mascio,* some background is necessary. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.,* pertain to mental impairments. *Id.* at § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§

*Janice Mae Mason v. Commissioner, Social Security Administration*
Civil No. SAG-14-3362
January 19, 2016
Page 3

404.1520a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. In *Mascio*, the Fourth Circuit voiced its agreement with other circuits "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (joining the Third, Seventh, Eighth, and Eleventh Circuits) (citation and internal quotation marks omitted). The Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* In so holding, however, the Fourth Circuit noted the possibility that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace, at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error.

In this case, at step three, the ALJ found that Ms. Mason has "no more than moderate" limitation in her ability to maintain concentration, persistence, or pace. Even assuming that that finding is equivalent to a finding of "moderate" limitations, in his RFC assessment, the ALJ included a restriction to address those limitations, specifically limiting Ms. Mason to "work that does not require the satisfaction of a production pace." (Tr. 22). While a limitation to unskilled work alone is insufficient under *Mascio*, here the ALJ included another limitation that clearly accounts for Ms. Mason's "no more than moderate" limitation in concentration, persistence, or pace. Accordingly, I find no error warranting remand under *Mascio*.

Ms. Mason's argument regarding her GAF scores is likewise unpersuasive. She correctly notes that the ALJ did not mention one GAF score of 50 in August, 2011. Pl. Mot. at 7; (Tr. 501-03). However, the ALJ did discuss other moderate GAF scores assigned in 2010 and 2011, and provided a full analysis of the findings from Ms. Mason's mental health treatment notes and the opinion issued by her treating psychiatrist. (Tr. 24-25). While nothing prohibits an ALJ

*Janice Mae Mason v. Commissioner, Social Security Administration*
Civil No. SAG-14-3362
January 19, 2016
Page 4

from considering GAF scores as one component of a full analysis of the evidence of record, it is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010); *Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). Therefore, although the ALJ failed to mention an isolated GAF score of 50, his thorough summary of the other medical evidence in the record renders that error harmless, since he provided substantial evidence supporting his assessment of Ms. Mason's mental RFC.

Next, Ms. Mason contends that the ALJ should not have relied upon her alleged work activity in assessing her RFC. Pl. Mot. 7-8. It is true that Ms. Mason testified at her hearing that she had not engaged in any work, (Tr. 39), but her testimony is belied by the medical evidence from multiple physicians consistently reporting that she was continuing to work as a house cleaner during the relevant time period, at least on a part-time basis. *See* (Tr. 321, 323, 324, 326, 331, 333). Ms. Mason correctly notes that the medical records after January, 2012, do not contain any indications that she was continuing to clean houses. However, the ALJ provided substantial evidence to support his reliance on the discrepancy to undermine Ms. Mason's credibility about not only the extent of her activities, but also the severity of her symptoms during the entire relevant period. Moreover, the ALJ did not rely exclusively on her work activity, but also on her activities of daily living, medical records, and other evidence. (Tr. 20-23).

Finally, Ms. Mason argues that the ALJ provided inadequate support for the mental health limitations in the RFC assessment. Pl. Mot. 8. In fact, however, the ALJ provided the evidence cited above, provided an explanation for his finding that her mental limitations were actually greater than suggested by the non-examining State agency consultants, and provided a summary explanation of his conclusion that various limitations adequately addressed "pain and mental health symptoms, as well as possible medication side effects." (Tr. 26). Accordingly, I find no error in the ALJ's explanation of his conclusions.

For the reasons set forth herein, Ms. Mason's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge